Derbigny, J.
delivered the opinion of the court. The plaintiff, as surviving partner of the house of Ripley, Center & co. of New-York, claims from the defendants the reimbursement of a balance due them upon a sum of money, which they advanced on a shipment of tobacco to them consigned, but the sale of which fell short of the amount so advanced.
The principal ground of defence is that the tobacco was not the property of the defendants, but that they shipped it as agents for Seth Briggs & co. the owners thereof to the knowledge of the plaintiff, and that, if any thing is due on account of that tobacco, it is due by the owners, not by the defendants.
The trial of the case below has been crowded with incidents, which will be examined as it may be found necessary. But the first and main difficulty is to ascertain whether the facts are settled by a special verdict, as contended for by the defendants, or still open for examination, as the plaintiff maintains.
Facts have been submitted on both sides to the jury, in the manner prescribed by the 10th *209 section of the act of 1817, entitled “ an act to amend the several acts enacted, to organise the courts of this state, &c.” By that section, it is provided that, when either of the parties shall require it, the facts set forth in the petition and answer shall be submitted to the jury, to obtain their special verdict thereon ; and that “ the jury shall be prohibited to give any general verdict in the case, but only a special one on the facts submitted to them.”
Where the facts, so submitted to the jury, are altogether unmixed with any question of law, there is no difficulty in following the above directions. But when, under the name of facts, questions involving law and fact are presented to them, what is to be done ? In a former case, Chedoteau’s heirs vs. Dominguez, 7 Martin, 490, this point came before us, in a collateral manner, and we there expressed a disposition to consider as a general verdict, one in which among the facts found separately, there happened to be a general finding on one of the questions put to the jury. But, being now called upon to decide directly, whether or not such a finding on one of the questions will so far alter the nature of the verdict as to make it a general, instead of a special one, we must examine the point by itself, and pronounce without *210 any regard to the opinion in which the question was treated collaterally.
The act under which facts are submitted to a jury is the paramount law which we are to obey. It makes it on one side the duty of the parties to submit nothing but facts, and of the judge to suffer none to go to the jury but such as are pertinent, and on the other side it imposes on the jury, as a rule of conduct, not to permit themselves to give a general, instead of a special verdict. Under this law, the parties here have presented, the judge has approved, and the jury have decided, what they must be presumed to have considered as facts. Among them, however, there happens to be a question, which involves matter of law as well as of fact. Must the finding on that question vitiate the whole verdict, and make all the other questions and answers stand, and the finding on the question of fact and law be deemed illegal and null ?
There is no plainer rule than that any thing done contrary to the prohibitions of a law is not only useless, but void : ea quœ lege fieri prohibentur, si fuerint facta, non solum inutilia, sed pro infectis etiam habeantur. In a case like this, where the parties pretended to act under a law, prescribing the manner of submitting facts to a *211 jury, and prohibiting the jury to decide any thing else, so much of the statement made by the parties and of the verdict found upon it, as went beyond the limits established by that law is, of course, void ; it is to be taken pro infecto. What then is to become of the remainder of the verdict ? It must be viewed, we think, as if it had never been mixed with any heterogenous matter. But because the parties involuntarily (we are unwilling to suppose that it can be done intentionally) should have submitted to the jury some matter of law under the name of fact, to make all their findings on naked facts go for nothing, would be, we apprehend, countenancing inattention at least, and enabling suitors to avail themselves of their own wrong.
It may be further observed, that the law having prescribed three modes, in which facts may be brought up before this court, one of which is to cause the facts to be settled by a special verdict, parties who have made their choice of one of those modes, ought not to be indulged in an attempt to set it aside, by showing their own mistake ; that they must be bound by their own acts, that if those acts are imperfect, the fault is theirs, and the inconvenience must be theirs also.
We think, therefore, that the verdict in this *212 case is to be considered as containing the facts on which we have to decide. But before we proceed to examine them, we must ascertain whether, as the plaintiff has complained, certain evidence which he had a right to lay before the jury was wrongfully rejected. That evidence consists of answers to interrogatories propounded by the defendants to the plaintiff. The defendants objected to the reading of them on the ground that they were not sworn to before a competent officer ; to which the plaintiff replies that the officer was a competent one, and that, could his competency be excepted to, the exception was made too late. The rule, on which the defendants rely, requires exceptions to insufficient answers to be made within three days after the answers are filed. This, we think is not applicable to a case where the answers are said to be the same as no answers at all. As to the competency of the officer, before whom they were sworn to, we are of opinion that it was the duty of the plaintiff to show that by the laws of New-York a notary public is authorised to administer oaths in such cases as this, because the function of administering oaths, which is generally one of the attributes of judicial authority, is not to be presumed to have been given specially to an officer not judicial.
Livermore for the defendant, Morse for the defendant.
On the merits of the case there is no difficulty. The special verdict settles the main point in controversy, to wit, that the bills of exchange, the balance of which is here claimed, were given to the defendants as agents of Seth Briggs co. the owners of the tobacco.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.